IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                                PLAINTIFF

V.                          NO. 4:06CR00145-02 WRW

RAY DARNELL McDAVID                                                      DEFENDANT

PROPOSED FINDING AND RECOMMENDATION

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## **RECOMMENDATION**

Defendant has filed a motion for release pending sentencing (docket entry #37), stating that he has family in the San Diego, California area and needs to get his affairs in order prior to sentencing. The United States has filed a response stating that while it does not oppose the motion, it does not have enough information to determine whether Defendant's release would be appropriate, and stating that a hearing would be beneficial (docket entry #46). Defendant's motion has been referred (docket entry #47). However, this is a situation in which detention is mandatory.

Defendant pled guilty to Count I of the indictment, thus pleading guilty to conspiracy to distribute more than 10 grams of phencyclidine, a violation of 21 U.S.C. §§ 841(a)(1) and 846. The latter section is the conspiracy section and states that the penalty for conspiracy is the same as the penalty for the offense. The statutory penalty of imprisonment for this violation is not less than five (5) years and not more than forty (40) years. 21 U.S.C. § 841(b)(1)(B)(iv). Defendant's plea was accepted and he has thus been found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(C). Under 18 U.S.C. §

3143(a)(2), a person found guilty of such an offense "shall be detained," except in cases involving exceptions not present here.[1]  Further, Defendant has not alleged that there are exceptional reasons why his detention would not be appropriate, which would permit release under 18 U.S.C. § 3145(c).  A desire to arrange one's personal affairs would not constitute an exceptional reason under this statute.  See, *United States v. Brown*, 368 F.3d 992 (8th Cir. 2004) (circumstances that defendant would be able to remain in treatment program and possibility that he would be subjected to violence as sexual offender in local jail not exceptional); *United States v. Mostrom*, 11 F.3d 93 (8th Cir. 1993) (difficulties and delay in transport to federal prison not exceptional circumstance).

Defendant's motion should be denied.

DATED this 27th day of December, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Because of the guilty plea, there is no substantial likelihood that a motion for acquittal or new trial will be granted and the government is recommending that a sentence of imprisonment be imposed.